UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMMY LYNN BRADDS
and ANTHONY TESTA, individually
and on behalf all others similarly situated,

    Plaintiffs,

v.                                              Case No: 8:23-cv-02127-KKM-JSS

FLORIDA HEALTH
SCIENCES CENTER, INC.,

    Defendant.
_____

## ORDER

Plaintiffs are directed to establish—no later than July 10, 2024, and in a brief not exceeding twelve (12) pages inclusive of all parts—why the Court should not *sua sponte* remand this case to state court for lack of jurisdiction in the light of the order entered in *DiPierro v. Florida Health Sciences Center*, No. 8:23-cv-1864, (Doc. 39), 2024 WL 3051320 (M.D. Fla. June 18, 2024) (Mizelle, J.). As an initial matter, Plaintiffs should address how the Eleventh Circuit evaluates standing allegations in data breach cases that press state statutory claims and whether misuse of the data must be alleged to establish an injury-in-fact. *See Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883, 889–90, 890 n.9

(11th Cir. 2023), *cert. denied sub nom. Brinker Int'l, Inc. v. Steinmetz,* 144 S. Ct. 1457 (2024).

Additionally, Plaintiffs should address whether any alleged misuse is plausibly traceable to the specific information allegedly compromised in the data breach. And Plaintiffs should also brief whether any alleged misuse is plausibly traceable to the specific data breach at issue. Lastly, Plaintiffs should address whether an increased volume of spam messages or emails constitutes misuse as the Eleventh Circuit used that term in *Tsao* and *Green-Cooper*.

If desired, Defendant may file a response brief not to exceed twelve (12) pages by July 17, 2024.

ORDERED in Tampa, Florida, on June 27, 2024.

Kathryn Kimball Mizelle
United States District Judge