UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMMY LYNN BRADDS,
and ANTHONY TESTA,
on behalf of themselves and all
others similarly situated,

    Plaintiffs,

v.                                          Case No: 8:23-cv-02127-KKM-JSS

FLORIDA HEALTH
SCIENCES CENTER, INC.,

    Defendant.
_____

## ORDER

Tammy Lynn Bradds and Anthony Testa sue Florida Health Sciences Center, Inc. (Tampa General Hospital) on their own behalf and as proposed representatives of a nationwide class. *See* Am. Compl. (Doc. 17). Based on a May 2023 data breach, Bradds and Testa allege common law tort and contract claims as well as violations of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). Am. Compl. ¶¶ 102–86. Recently, I remanded two similar actions for lack of subject-matter jurisdiction. *See Morgan v. Florida Health Sciences Center*, No. 23-cv-1993 (Doc. 30) (M.D. Fla. July 9, 2024) (remanding for lack of minimal diversity); *DiPierro v. Florida Health Sciences*

*Center*, No. 23-cv-1864, 2024 WL 3051320 (M.D. Fla. June 18, 2024) (remanding for lack of Article III standing).

Section 1447(c) of Title 28 provides that, in an action removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Thus, "[w]hen a case is removed from state to federal court and the plaintiffs do not have Article III standing in federal court, the district court's only option is to remand back to state court." See *Ladies Mem'l Ass'n, Inc. v. City of Pensacola*, 34 F.4th 988, 994 (11th Cir. 2022).

In the light of *DiPierro*, the parties stipulate that remand is required. (Doc. 37). On grounds similar to those discussed in *DiPierro*, I agree.

Accordingly, the following is **ORDERED:**

1. The Clerk is directed to **REMAND** this action to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and to transmit a certified copy of this order to the clerk of that court.

2. The Clerk is further directed to **TERMINATE** any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on August 7, 2024.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge